COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


COMMUNITY MEMORIAL HEALTH CENTER AND
 RECIPROCAL OF AMERICA

MEMORANDUM OPINION*
v.    Record No. 0325-01-2                    PER CURIAM
                                            JULY 3, 2001
KAREN MARIE WILSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Karen A. Gould; Angela C. Fleming; Crews &
            Hancock, P.L.C., on briefs), for appellants.

            (Ruth E. Nathanson; Maloney, Parks, Clarke &
            Nathanson, P.C., on brief), for appellee.


        Community Memorial Health Center and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that (1) Karen

Marie Wilson (claimant) proved that her psychological treatment

with Helaine B. Meadows, Licensed Clinical Social Worker, was

causally related to claimant's compensable January 16, 1996

injury by accident; (2) claimant did not unjustifiably refuse to

attend or continue an independent psychological examination with

Dr. James B. Wade on August 10, 1999; and (3) claimant did not

unjustifiably refuse employer's offers of selective employment.

Upon reviewing the record and the briefs of the parties, we

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. Causation: Psychological Treatment

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant proved by a preponderance of the evidence that the psychological treatment rendered by Meadows was causally related to claimant's 1996 compensable injury by accident, the commission found as follows:

> We accept the opinions of Dr. [Ronald O.] Forbes[, treating psychiatrist,] and Meadows, which explained that the 1996 accident exacerbated or aggravated the claimant's preexisting psychological problems. It is well settled that the employer takes the employee as it finds her, with all of her preexisting disabilities and infirmities, and it is responsible for the effects of an accident that aggravates or exacerbates a preexisting condition, even if it is a preexisting psychological condition otherwise considered an ordinary disease of life. Therefore, the employer is

responsible for the claimant's psychological care to the extent it involved treatment for the effects of the work accident.

While we recognize that the claimant was already under medication by her family physician for treatment of depression and "panic attacks," the undisputed evidence is that the claimant had never before missed time for work, nor undergone treatment as extensive, before her compensable accident in 1996. The claimant's treating psychiatrist and her counselor of over two years, both agree that the claimant's preexisting condition was exacerbated by the injury and resulting medical procedures, to the point of dysfunction. The claimant's primary treating physician, Dr. [Charles H.] Bonner, deferred to Dr. Forbes' medical expertise in determining the cause of the condition and the claimant's need for treatment.

(Citation omitted.)

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of the treating psychiatrist, Dr. Forbes, and the treating counselor, Meadows, and to reject any contrary medical opinions. The opinions of Dr. Forbes and Meadows constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's decision." Wagner Enters., Inc. v. Brooks, 12 Va.

- 3 -

App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

## II. Independent Psychological Examination

> If an employee, without justification, refuses to submit to or in some way obstructs a medical examination to which an employer is entitled, compensation benefits will be suspended during the continuation of the refusal.
>
> Justification is a factual determination made upon an objective view of all circumstances as they reasonably appeared to the claimant. The commission's factual findings on this issue are conclusive and binding on this Court if supported by credible evidence.

R.G. Moore, 10 Va. App. at 213, 390 S.E.2d at 789 (citation omitted).

The facts support the commission's finding that the claimant was justified in refusing to continue with Dr. Wade's August 10, 1999 examination because "she felt that she was in an adversarial situation when being questioned by the two [male] examiners[, Dr. Wade and his assistant,] in [the] areas [of her failed marriages and family life], and became extremely emotional and distressed." In light of claimant's unstable psychological condition at the time of the examination and her perception of the situation, the commission could reasonably

- 4 -

infer that claimant was justified in refusing to continue the examination on August 10, 1999. Credible evidence, including the testimony of claimant and Franklin Wells, supports the commission's finding.

Because credible evidence supports the commission's finding that claimant was justified in refusing to continue Dr. Wade's August 10, 1999 examination, we need not address the issue of whether claimant cured such refusal.

### III.  Refusal Selective Employment

At the time employer offered selective employment to claimant, Dr. Forbes and Meadows had already opined that claimant remained totally disabled from work due to her psychological condition, which was causally related to her compensable 1996 injury by accident.

We have found that credible evidence supports the commission's finding that claimant's psychological condition was causally related to her compensable accident, and that the commission, as fact finder, was entitled to accept the opinions of Dr. Forbes and Meadows. Accordingly, credible evidence supports the commission's finding that because claimant remained totally disabled due to conditions causally related to the compensable 1996 accident, she did not unjustifiably refuse selective employment.

- 5 -

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.